FILED

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Orlando Division

2019 MAR 21  PM 2: 45

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

William Flores, DC# T16425 )
Plaintiff, )
)
)
Vs. ) Case No. 6:19-CV-564-ORL-18 GJK
) *(to be filled in by the Clerk's Office)*
)
Florida Department of Corrections, et.al., )
Sued in Their Individual and Official capacity; )
Defendant(s). )
) _____DEMAND FOR JURY TRIAL_____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## PRISONER COMPLAINT

This is a civil rights action by William Flores, a state prisoner, for punitive damages, nominal damages, and compensatory damages under 42 U.S.C. § 1983, alleging retaliatory and adverse actions by the above-mentioned defendant(s) in violation of the First Amendment to the United States Constitution as the Plaintiff was placed in segregated confinement for filing grievances and, the Plaintiff was subsequently given a false disciplinary report and stripped of his visiting privileges for a year, all of which are in violation of the plaintiff's First, Eight and Fourteenth Amendment to the Constitution.

All defendants have, at all times relevant, deprived the plaintiff of his Constitutional rights; and the defendants deprived plaintiff of his Constitutional rights acting under the color of state law.

# JURISDICTION

This Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343, seeking to redress the deprivation of constitutional rights by defendants acting under the color of state law and rights secured by the Acts of Congress proving for equal rights of persons within the jurisdiction of the U.S.; and to recover damages or other relief under any Act of Congress proving for the protection of civil rights.

I.  **The Parties to This Complaint**

A.  **The Plaintiff**

Name: **William Flores**
Prison ID Number: T16425
Current Institution: Central Florida Reception Center (C.F.R.C) –East Unit
Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this compliant against them in their individual capacity or official capacity, or both.

Defendant No.1
   Name: **JULIE L. JONES**
   Job or Title: Secretary of the Florida Department of Corrections
   Shield Number: Unknown
   Employer: Florida Department of Corrections
   Address: 501 S. Calhoun Street, Tallahassee, Fl. 32399-2500
         ☑   Individual capacity   ☑ Official capacity

Defendant No.2
   Name: **C. NEEL**
   Job or Title: Secretary's Representative
   Shield Number: Unknown
   Employer: Florida Department of Corrections
   Address: 501 S. Calhoun Street, Tallahassee, Fl. 32399-2500
         ☑   Individual capacity   ☑ Official capacity

Defendant No.3
    Name: **S. CUMBIE**
    Job or Title: Warden of Central Florida Reception Center (C.F.R.C.) – East/Main/South Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑ Individual capacity ☑ Official capacity

Defendant No.4
    Name: **C. CASIMIR**
    Job or Title: Assistant Warden of C.F.R.C. – East/Main/South Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑ Individual capacity ☑ Official capacity

Defendant No.5
    Name: **L. TATE**
    Job or Title: Major of C.F.R.C - East Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑ Individual capacity ☑ Official capacity

Defendant No.6
    Name: **LARRY FLONNERY**
    Job or Title: Captain of C.F.R.C. – East Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑ Individual capacity ☑ Official capacity

Defendant No.7
    Name: **ANTONIO SAUNDERS**
    Job or Title: Captain of C.F.R.C.– East Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑ Individual capacity ☑ Official capacity

Defendant No.8
    Name: **DUSTIN MUGG**
    Job or Title: Sergeant of C.F.R.C. – East Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑ Individual capacity ☑ Official capacity

Defendant No.9
    Name: **R. WHITE**
    Job or Title: Sergeant of C.F.R.C – East Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑    Individual capacity    ☑ Official capacity

Defendant No.10
    Name: **J. SMITH**
    Job or Title: Correctional Officer – East Unit
    Shield Number: Unknown
    Employer: Florida Department of Corrections
    Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831
        ☑    Individual capacity    ☑ Official capacity

**II.**    **Basis for Jurisdiction**

    A.    Are you bringing suit against

        ☐    Federal officials (a Bivens claim)
        ☑    State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

### AMENDMENT 1

#### Religious and political freedom.

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

### AMENDMENT 14

#### Section 1.   [Citizens of the United States.]

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

    The Defendant(s) directly and indirectly partook in violating the Plaintiff's constitutionally protected rights to free speech/redress under the First Amendment of the Constitution, whereas the defendant(s) subjected Plaintiff to a total of 91 days in Administrative/Disciplinary Confinement as retaliatory means for exercising his rights to redress

of grievances. Furthermore, the defendant(s) violated the Plaintiff's Due Process requirements Insofar as; I he was unjustly stripped of all his privileges such as: access to kiosk, phone, rec-yard, canteen, television, a daily shower, his personal study books and his visiting privileges were suspended for 1-year.

      **C.**    Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal officials?

      Not Applicable

      **D.**    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of federal law.

1.  Defendant Jones; should be found liable for failing to act upon the letter(s) the plaintiff submitted to her on 1/8/18 and 8/9/18 about the retaliatory placement in Protective Management (PM) on 1/5/18 and the retaliatory placement in Disciplinary Confinement on 8/9/18. Defendant Jones is responsible for the daily operation of the Florida Department of Corrections (FDOC) and all of the Department's employees. Defendant Jones refused to acknowledge that the Florida Administrative Code (FAC) did allow for the Plaintiff to file such a grievance directly to the Defendant so that she could intervene and prevent the continuing use of retaliation and adverse deterrence being used by defendant(s) at Central Florida Reception Center (CFRC)

2.  Defendant Neel; should be found liable for failing to accept the numerous grievances of reprisal that the plaintiff filed pursuant to the policy and procedure in place by the Department. The Plaintiff advised Defendant Neel that he was being subjected to retaliatory action, harassment, and threats by Defendant(s) Flonnery, Saunders, Muggs, White, and Smith. Defendant Neel was privy of the fact that the plaintiff was placed in Administrative Confinement three (3) times for filing grievances against Defendant Mugg, Flonnery, Saunders, White, and Smith.

3.  Defendant Cumbie; should be found liable as she failed to intervene and order that her inferior employees cease all retaliatory and adverse actions taken against the plaintiff. The plaintiff advised this defendant on numerous occasions throughout the grievance procedure and inform defendant Cumbie of all the retaliatory actions being used by her officials. Instead, Defendant Cumbie knowingly and willfully turned a blind eye to the wrong-doing that the Plaintiff was subjected to. All of this ultimately ended with the Plaintiff receiving a Disciplinary Report and losing his visiting privileges for a year after spending a total of 91 days in segregated confinement.

4.  Defendant Casimir; should be found liable for failing to ensure that the applicable rules and policy were enforced upon all officials under her control. Defendant Casimir was the first defendant that was advised of the retaliation being used by defendant Flonnery as defendant Casimir sent Flonnery to investigate the Complaint filed on 12/27/17 against defendant Mugg. The Plaintiff fully advised Casimir that he was not in fear of his life and that he was placed in

protective custody only as a means of retaliation for filing the grievance. Defendant Casismir was also notified of the other two instances where I was placed again in confinement for filing grievance. Defendant Casimir did nothing to stop the constant retaliatory actions being used against the plaintiff. Defendant Casimir had the ability and authority to ensure that the plaintiff be released or transferred from administrative confinement

5.  Defendant Tate; should be found liable for knowingly providing false statements and facts on her denials of the grievances presented by the plaintiff. These acts committed deprived the plaintiff of a fair and impartial proceeding in which he was seeking redress for the unprofessional actions committed by defendant Mugg. Instead, defendant Tate willfully participated in deceptive and malicious tactics to deny the plaintiff of the remedy that policy allows for, when it's found that officials of the Department acted in ways that violate their rules of professional conduct. All of which defendant Tate was fully aware of or should have known.

6.  Defendant Flonnery; should be found liable for subjecting the plaintiff to 29 days of segregated confinement as retaliation for filing grievance. As well as losing all his privileges unnecessarily.

7.  Defendant Saunders; should be found liable for subjecting the plaintiff to 11 days of segregated confinement as retaliation for filing grievance for the second time.

8.  Defendant Mugg; should be found liable for failing to conduct himself in a respectful and ethical manner as required by Florida Statute, Florida Administrative Code, and along with his oath of office that he sworn and subscribed to uphold while working for the Florida Department of Corrections. All of the above-mentioned named defendant(s) have violated the Plaintiff's First Amendment Rights, Violated the Due Process Clause for failing to adhere to the Florida Administrative Code (F.A.C.) and the Laws found in the Florida Statutes (Fla.Stat)

9.  Defendant White; should be found liable for subjecting the plaintiff

10.  Defendant Smith; should be found liable for subjecting the plaintiff

III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows (Check all that apply):

- Pretrial detainee
  - Civilly committed detainee
  - Immigration detainee
  - **X** Convicted and sentenced state prisoner
  - Convicted and sentenced federal prisoner
  - Other (explain) _____

IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate.

On 12/27/2017 I filed an informal grievance to bring to the attention of C.F.R.C. – East Unit Administration that Sgt. D. Mugg (Defendant Mugg) woke two inmates up by slamming his closed fist on his mattress and then proceeded to kick the other inmates bunk to wake them up for count.

On 1/5/18 at approx. 8:45a.m. I was told to report to the Captains Officer to see the O.I.C. (Officer In Charge). Once inside his office Capt. L. Flonnery (Defendant Flonnery) showed me a copy of the grievance filed on 12/27/17. Capt. L. Flonnery asked me if I filed an Informal on Sgt. D. Mugg. I stated, "Yes!" he asked me to read the grievance to him and I told him that all the facts stated therein are true and correct. I also explained that I should not be subjected to any form of retaliation and that my Informal Grievance should be answered in writing and this is incorrect because no one else was present and I feel that you are retaliating against me for filing the grievance on one of your Sgt's. Capt. L. Flonnery than stated, "well then, I'll make sure that no one will retaliate against you," and Capt. L. Flonnery hand cuffed me and placed me in A/C.

On 1/8/18 I filed an informal grievance to Asst. Warden C. Casimir (Defendant Casimir) explaining to her that I was being subjected to retaliation by Capt. L. Flonnery because my Informal Grievance filed on 12/27/17 I explained that Capt. L. Flonnery is the Officer-in-Charge (O.I.C) who is on the same shift as Sgt. D. Mugg. Capt. L. Flonnery then took matters into his own hands and took my filing against Sgt. D. Mugg personal and, I find myself in Administrative Confinement (A/C) for filing the grievance against Sgt. D. Mugg.

On 1/8/18 I filed a direct grievance to C. Neel (Defendant Neel) and I also wrote a letter to Julie L. Jones (Defendant Jones) and I advised them that I was being subjected to retaliatory action by Captain Flonnery for filing an Informal Grievance against Sgt. Mugg. I further explained that On 12/27/17 I filed a grievance to Warden S. Cumbie and Col. R. Schmitt to point out that on two occasion (12/24/17 & 12/27/17) Sgt. D. Mugg acted in an unprofessional manner and that his actions and conduct are not one made by any right minded official of the Dept. (I rely on Video Evidence to show Sgt. D. Mugg unprofessional conduct on the date & time indicated by Informal.) I have did nothing deserving of being placed in PM as I was only exercising my right to grieve a grieveable issues. There is no justification for my placement in confinement.

On 1/10/18 I filed a formal grievance of a sensitive nature to Warden S. Cumbie (Defendant Cumbie) because on top of the retaliation, I was also, being subjected to harassment and threats by officials. I explained that Sgt. G. Ullius came to H3104 and said are you still in fear of your life? I told her that this has nothing to do with me being in fear. I wrote a witness statement stating such, and Sgt. G. Ullius became angry because she said that Capt. L. Flonnery wants to know if I am in fear of my life. I told Sgt. G. Ullius that I made my statement on the witness form, signed and dated it for Institutional Classification Team (I.C.T.) to review. She then slammed the flap in my face and said something to the effect that "I don't care if you stay back here for a long time." (I rely on the Audio and Video evidence for her exact words and actions @ approx. 9:00a.m. on 1/10/18.) I am being subjected to harassment and retaliation due

to my grievance against Sgt. Mugg. Capt. L. Flonnery has placed me in protective custody as means of retaliation and the comments made by Sgt. G. Ullius also goes to show her participating in this retaliatory action.

On 1/10/18 Lieutenant T. Ehrlich (Defendant Ehrlich) answered my grievance filed on 1/8/18 stating that, my placement in confinement was justified and not done in retaliation because your placement was strictly based on a statement made by the plaintiff. This was the defendant's reasoning to justifying the wrong-doing committed.

1/26/18 I filed a grievance of reprisal to (Defendant Neel), because I was still being harassed, threaten, and subjected to retaliatory actions. I explained that on 1/25/18 at approx. 2:30p.m. When housed at H3104L C.O. A. Radcliff woke me up and told me to cuff up. I complied. He then proceeded to shake my cell down. I asked him why he picked me and said "this ain't nothing, keep filing your grievance on my people. Blood is thicker than water, and there one in the same."I have done nothing wrong to warrant this treatment for exercising my rights to grieve.

On 2/8/18 I appealed the denial of formal grievance filed on 1/10/18. I advised (Defendant Neel) that the Defendant Flonnery violated my First Amendment rights and that Defendant Flonnery stepped outside of his official capacity and took my grievance personally. I did nothing to merit being placed in confinement under protective custody as I did not request nor asked to be placed in A/C as I was never in fear of my life. Which was Capt. L. Flonnery assertion to justify placing me in confinement in the first place.

On 2/22/18 I appealed Defendant Ehrlich's determination explaining that, On 1/10/18 Lieutenant T. Ehrlich stated that "due to that statement you did not remain in open population for security reasons." The statement she is referring to was "*his conduct is going to cause irreparable harm to the Dept's outlook as well as my well-being and safety.*" Nothing in that statement deemed for me to be placed in Protective Management (PM) as it was clear that the conduct complained about was going to harm the Department of Corrections because Sgt. D. Mugg actions were not actions taught by FDOC. The only way that my well-being and safety could have been jeopardized would have been if, the inmate that Sgt. D. Mugg woke up by slamming his fist on his matters as clear video evidence will show by reviewing Bravo dorms camera on 12/27/17 @ approx. 7:34a.m. that unprofessional conduct could of caused 30 officers to come storming into Bravo dorm and only god knows how many inmates including myself could have been subjected to any form of harm. The only reason I was placed in PM by Capt. L. Flonnery on 1/5/18 was to deter and frighten me from pursing the grievance procedure any further.

On 3/21/18 the appeal for the grievance filed on 1/10/18 was approved and sent back to Defendant S. Cumbie with direction to have the appropriate actions taken and, to provide the plaintiff with an amended response once the investigation was conducted.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Not Applicable

B. If the events giving rise to your claim arose in an institution, describe where and when they arose. CFRC - East Unit on 1-5-18; 5-10-18; 8-6-18;

C. What date and approximate time did the events giving rise to your claim(s) occur?
12/27/17 was the first grievance and on 1-5-18 was the first retaliatory actions taken.

D. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who saw what happened?)
I was placed in confinement three times as retaliation for filing grievances

V. Injuries all these incidents grieved were seen and recorded on the dorms cameras

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. No physical injuries

VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.
Plaintiff is seeking punitive damages in the amount of $100,000 per defendant

VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedure. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?


- ☒ Yes
- No

If yes, name the jail, prison, or correctional facility where you were confined at the time of the events giving rise to your claim(s). Central Florida Reception Center, 7000 HC Kelley Rd, Orlando, Fl. 32831

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?


- ☒ Yes
- No
- Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?


- ☒ Yes

- No
- Do not know

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?


- ☒ Yes
- No

If no, did you file a grievance about the events describe in this complaint at any other jail, prison, or   other correctional facility?

- ☒ Yes
- No

E.  If you did file a grievance:

1.  Where did you file the grievance?

   Central Florida Reception Center – East/Main Unit(s) 7000 HC Kelley Rd. Orlando, Fl. 32831

2.  What did you claim in your grievance?

   Plaintiff Retaliation for filing grievance as well as being deprived of privileges by placing Plaintiff in Confinement

3.  What was the result, if any?

   Denied at the Institutional level

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.) Plaintiff has been trying to complete this suit but is continuously subjected to retaliatory actions. Plaintiff has to file this now.

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here: Plaintiff has exhuasted to first two actions but is now being subjected to another retaliatory Placement in confinement. On 2-6-19 I was placed under investigation that is why I ~~Not Applicable~~ am forced to submit this Compliant as is because I'm in fear of my Safety.

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   On 1/8/2018 I wrote a letter to defendant Julie L. Jones advising her of what Central Florida Reception Center then again on 8-9-18

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Plaintiff is again in confinement and is forced to file this compliant without completing all sections. The plaintiff is seeking that the court to intervene because my grievances and administrative remedies are not being honored. This is now my third time in confinement and I'm exhausting

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.) Attached is a typed copy of my exhuasted grievance that I completed.

VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fees if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United State that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?


- Yes
- ⊘ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

<u>NOT Applicable</u>

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- Yes
- ⊘ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit: Not Applicable
2. Court : Not Applicable
3. Docket or index number: Not Applicable
4. Name of Judge assigned to your case: Not Applicable
5. Approximate date of filing lawsuit: Not Applicable
6. Is the case still pending


- Yes
- ⊘ No

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?): <u>Not Applicable</u>

Page 11 of 13

C.  Have you file other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

- Yes
- ? No ✓

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.  Parties to the previous lawsuit: Not Applicable
2.  Court : Not Applicable
3.  Docket or index number: Not Applicable
4.  Name of Judge assigned to your case: Not Applicable
5.  Approximate date of filing lawsuit: Not Applicable
6.  Is the case still pending
    - Yes
    - ? No ✓
7.  What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?): Not Applicable

IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so indentified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any change to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 18th, 2019
Signature of Plaintiff: William Flores
Printed Name of Plaintiff: William Flores
Prison Identification #: T16425

       Prison/Facility: Central Florida Reception Center – East Unit (C.F.R.C.)
       Prison Address: 7000 H.C. Kelley Road, Orlando, Fl. 32831

B.     For Attorney

        Date of signing: _____

Signature of Attorney: None Available
Printed Name of Attorney: None Available
Bar Number: None Available
Name of Law Firm: None Available
Address: None Available

Telephone Number: None Available
E-mail Address: None Available